UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS LOCAL 631 SECURITY FUND FOR SOUTHERN NEVADA,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>DAWN POLSON, an individual,<br><br>　　　　　　Defendant. | 02:11-CV-00924-LRH-VCF<br><br>ORDER |

This is an ERISA dispute. Before the court is plaintiffs Trustees of the Teamsters Local 631 Security Fund for Southern Nevada's motion for reconsideration (#26[1]). Defendant Dawn Polson has responded (#27), and Trustees have replied (#28).

**I.　Facts and Procedural History**

Plaintiffs Trustees run an employment benefit plan for unionized workers, which is regulated under the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"). (Complaint #1, ¶ 2.) This dispute arose because Polson worked for a now-defunct Nevada corporation that had failed to pay into its employees' benefit plan–a benefit plan run by Trustees. (Plaintiffs' Motion for Summary Judgment ("MSJ") (#15), Ex. 8.)

---

[1] Refers to the court's docket number.

On October 29, 2012, the court granted Polson's motion for summary judgment and denied Trustees'. (Order #24, pp. 5-6.) The court found that Trustees had failed to show, as a matter of law, that the benefit plan's assets included unpaid contributions. "Without plan assets [in the form of unpaid contributions] to control, Polson cannot be an ERISA fiduciary; and if she cannot be an ERISA fiduciary, she cannot breach any fiduciary duties." (Order #24 at p. 5:17-19.) Therefore, Trustees' sole claim–for breach of fiduciary duty under ERISA–failed.

**II.   Legal Standard**

"A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) . . . or Rule 60(b)." *School District No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). A motion for reconsideration filed after ten days from the entry of final judgment is treated as a motion under Rule 60(b). *See San Luis & Delta Mendota Water Authority v. U.S. Dept. of the Interior*, 624 F.Supp.2d 1197, 1207 (E.D. Cal. 2009). Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). Finally, a decision under Rule 60(b) is consigned to the court's discretion. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir. 2006).

**III.   Discussion**

Here, the motion for reconsideration was filed more than ten days from the entry of final judgment. Therefore, this motion is properly brought under Rule 60(b). However, Trustees do not identify the grounds on which they seek reconsideration under Rule 60(b). Trustees' motion is predominantly based on their own failure to bring certain contractual language to the court's attention–contractual language that would, Trustees argue, show unpaid contributions are plan assets. (*See* Motion for Reconsideration #26, pp. 1:24-25, 3:6 (noting, for instance, that counsel

1  "fail[ed] to direct the Court to the relevant language").) Therefore, the court construes Trustees'
2  motion as properly brought under Rule 60(b)(1), encompassing motions based on "mistake,
3  inadvertence, surprise, or excusable neglect."

4  Under Rule 60(b)(1), "[r]elief will not be granted if the mistake, inadvertence, or excusable
5  neglect is due to the carelessness on the part of the litigant or his attorney." *Timbisha Shoshone*
6  *Tribe v. Kennedy*, 267 F.R.D. 333, 336 (E.D. Cal. 2010) (citation and quotation marks omitted).
7  Rather, Rule 60(b)(1) requires some justification for the failure to avoid the mistake. *Id*. And in
8  particular, "[a] defeated litigant cannot set aside judgment because . . . the litigant failed to present
9  on a motion for summary judgment all of the facts known to him that might have been useful to the
10 court." 11 Charles Wright et al., Federal Practice & Procedure § 2858 (3d ed. 2012).

11 Trustees advance no justification for their failure to point out the relevant contractual
12 language to the court. Moreover, Federal Rule of Procedure 56(c)(1)(A) requires parties to support
13 their assertions at summary judgment by "citing to particular parts of materials in the record."
14 Failure to do this without justification does not merit relief from judgment under Rule 60(b)(1). *See*
15 *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 780 (9th Cir. 2010) (holding that failure to set
16 out specific facts may warrant the denial of summary judgment).

17 IT IS THEREFORE ORDERED that Plaintiffs' Motion for Reconsideration (#26) is
18 DENIED.

19 IT IS SO ORDERED.
20 DATED this 7th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE